UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR SWANSON | ) | JUDGE PAUL R. MATIA |
| Plaintiff | ) | CASE NO. 1:04CV0618 |
| -vs- | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| MARGARET BRADSHAW, *et al.* | ) | <u>AND ORDER</u> |
| Defendants | ) | |

Plaintiff, Arthur Swanson ("Swanson"), brought this action under 42 U.S.C. §§ 1983, 1985 and 1986 alleging that the defendants, Margaret Bradshaw, Mary Minor("Minor") and Chris Nash ("Nash")(collectively "defendants"), denied him due process and violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. In his complaint, he included state claims for abuse of process, intentional infliction of emotional distress and a federal claim for misuse of United States mail. On June 9, 2004, the Court dismissed his §§ 1985, 1986 and misuse of United States mail claims. The only claims remaining are the § 1983 claim against defendants Minor and Nash and the state claims against all the defendants. On June 14, 2004, the action was referred to United States Magistrate Judge Kenneth

S. McHargh pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a).  Subsequently, the defendants filed a motion for summary judgment (Doc. 40) and Swanson filed a motion to dismiss defendants' motion for summary judgment. (Doc. 41).  The magistrate judge filed a Report and Recommendation recommending that the motion for summary judgment be granted in part and denied in part, that the § 1983 claim should be dismissed with prejudice and that the remaining state claims be dismissed without prejudice.  This matter is now before the Court upon Swanson's objection to the magistrate judge's Report and Recommendation.

      Summary judgment is appropriate only when there is no genuine issue of material fact as to the existence of an element essential to the nonmoving party's case and on which the nonmoving party would have the burden of proof at the trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The genuine issue must be material, *i.e.*, it must involve facts that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir. 1992), *cert. denied*, 506 U.S. 1054 (1993).  The mere possibility of a factual dispute is not enough.  *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 566 (6th

Cir. 2003). The court must determine whether there is a need for a trial; in other words, whether there are genuine factual issues that properly can be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250. The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Summary judgment should not be granted to the moving party if reasonable jurors could find by a preponderance of the evidence that the opposing party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250; *Combs v. International Insurance Co.,* 354 F.3d 568, 576 (6th Cir. 2004).

The controversy in this case involves Swanson's failure to timely file an appeal of his criminal case to the Ohio Supreme Court, allegedly caused by defendants who are prison officials. The defendants claim that at the time Swanson submitted the papers for mailing, the balance in his prison account was insufficient to cover the mailing expense. After considering the facts, the magistrate judge inferred that Swanson's appeal was mailed after a point where the mail could have reached its destination before the deadline, before the date of the letter from the Ohio Supreme Court and that at the

time the legal mail was sent, Swanson had sufficient funds in his account to pay the postage.[1]

Swanson's objection to the Report and Recommendation is conclusory. He argues that he has a constitutional right to a jury trial, that if he has no cause of action the Court would not have permitted the case to go beyond the initial stages and reasonable minds should conclude that the evidence produced meets the burden of a § 1983 claim.

An inmate has a due process right to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). In furtherance of that right, prison officials are prohibited from actively interfering with an inmate's attempt to prepare legal documents or to file them. *Id.* 518 U.S. at 350-51. In order to prove deprivation of access to the courts, an inmate must show actual injury. *Id*. 518 U.S. at 351. The right of access to the courts extends to direct appeals, habeas corpus applications and civil rights claims. *Thomas v. Rochell*, 2002 WL 31096251 at * 1 (6th Cir. Sept. 18, 2002). A prisoner does not sustain an injury when he is deprived of a frivolous claim. *Roberts v. Wingard*, 2000 WL 377424 at * 1 (6th Cir. Apr. 5, 2000).

---

[1] Swanson received a letter from the Ohio Supreme Court rejecting his appeal.

Swanson's appeal to the Ohio Supreme Court was discretionary. Although failure to timely file may somehow affect any habeas petition Swanson may file, he has not informed the Court that he has done so or intends to. Further, Swanson has not shown that he has an adequate basis for an appeal. Thus, he has not shown that he was prejudiced by the defendants' failure to timely mail his appeal to the Ohio Supreme Court.

Accordingly, for the foregoing reasons, Swanson's objection to the magistrate judge's Report and Recommendation is overruled. The magistrate judge's Report and Recommendation is adopted. Defendant's motion for summary judgment is granted. (Doc. 40). Swanson's motion to dismiss the motion for summary judgment is denied. (Doc. 41). The § 1983 claim is dismissed with prejudice. Since the Court has granted judgment on the federal claim, the state pendent claims are hereby dismissed without prejudice pursuant to 28 U.S.C. 1367(c)(3). *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966).

IT IS SO ORDERED.

Date: May 23, 2005.                    /s/ Paul R. Matia
                                       UNITED STATES DISTRICT JUDGE

5

CERTIFICATE OF SERVICE

      A copy of this Memorandum of Opinion and Order was filed electronically this 23rd day of May, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Paul R. Matia
      UNITED STATES DISTRICT JUDGE